SHIVERS, Judge.
Dr. Guest appeals the order of the Board of Medical Examiners revoking his license to practice medicine. He argues, essentially, that he did not violate a condition of probation, that the agency’s findings of fact are not supported by competent, substantial evidence, and that the final order is legally insufficient. We must affirm the order of the Board.
Appellant argues that section 948.06, Fla.Stat. (1981),[1] and the case law interpreting it, apply to his probation. Chapter 948 *1227 applies to the imposition of probation by courts in criminal cases.[2] Dr. Guest was placed on probation by the Board of Medical Examiners pursuant to Chapter 458, Florida Statutes. Although license revocation proceedings may be penal in nature, they are not criminal. Therefore, cases interpreting the provisions of Chapter 948 are not necessarily apposite to a discussion of a doctor’s probation under Chapter 458.[3] In this case, the probation violations occurred during the original probationary period, even though the administrative complaint was not filed during that time. Furthermore, the order of the Board which extended the probationary period was not appealed within thirty days of rendition as required by Fla.R.App.P. 9.110. This court, therefore, is without jurisdiction to hear an attack on that order.
We find that the record discloses competent, substantial evidence to support the Board’s findings of fact. Although we agree with appellant that under our decision in Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981), evidence in a license revocation proceeding must be as “substantial” as the consequences, we find the evidence in this record possesses the requisite substantiality. We also find that the standard of conduct required by section 458.331(1)(t), Fla.Stat. (1981)[4] is not so nebulous that medical practitioners cannot conform to it. We find the testimony of Dr. Meadows to be sufficient to support the Board’s findings that appellant failed to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances.
Appellant’s argument that the Board cannot impose a higher penalty than the hearing officer recommended is based on a misreading of the statutes and cases. Here, the Board adopted the findings of fact and conclusions of law recommended by the hearing officer without change. Only the penalty recommended by the hearing officer was rejected by the Board, and this was within agency discretion since the penalty imposed is within statutory limits. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978). The record shows that all members of the Board possessed and reviewed the complete record before increasing the recommended penalty, as required by section 120.57(l)(b)9., Fla.Stat. (1981).[5]
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.

. 948.06 Violation of probation; revocation; modification; continuance.
(1) Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation. Any committing magistrate may issue a warrant upon the facts being made known to him by affidavit of one having knowledge of such facts for the arrest of the probationer, returnable forthwith before the court granting such probation. Any parole or probation supervisor, all officers authorized to serve criminal process, and all peace officers of this state shall be authorized to serve and execute said warrant. The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted to be true may forthwith revoke, modify, or continue probation and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation. If such violation of probation is not admitted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation violation. If such charge is not at said time admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation. If such probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation.
(2) No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve.

. Section 948.01(1) provides:
(1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant.

. On July 1, 1978 the Board placed appellant on probation for a period of three years. This action was taken under authority of section 458.1201(3)(b), Fla.Stat. (1977) (current version at § 458.33 l(2)(f), Fla.Stat. (1981)) which states:
(b) In conjunction with any of the foregoing, the board may make a finding of guilt but suspend imposition of judgment and penalty, or it may impose the judgment and penalty but suspend enforcement thereof and place the physician on probation, which probationary order may be vacated upon noncompliance.

. Section 458.331 provides in part:
(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:

(t) Gross or repeated malpractice or the failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances. The board shall give great weight to the provisions of s. 768.45 when enforcing this paragraph.

. The agency may adopt the recommended order as the agency’s final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of *1228 the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses an agency’s order, the court in its discretion may award attorney’s fees and costs to the aggrieved prevailing party.