OTT, Chief Judge.
Appellant Daniels has appealed the one-year suspension of his insurance licenses. We reverse only the portion of the agency’s final order which found that appellant used a “light box” in violation of various provisions of the insurance code;[1] such a finding is not supported by substantial, competent evidence.
Watkins, a secretary employed at appellant’s insurance agency, testified before a hearing officer that on numerous Fridays a “light box” was used by Daniels and others to trace signatures on insurance applications. Watkins also related an incident involving an irate customer who presented himself at Daniels’ office to complain that he had not signed an application which bore his signature. No allegedly forged documents were introduced, no names of alleged forgery victims were presented, and no victims of the alleged forgeries testified at the hearing. The uncorroborated testimony of Watkins is insufficient to sustain the agency’s finding that appellant improperly used the “light box.” The remaining findings and conclusions in the final order are affirmed.
Appellant’s license was suspended for one year, the maximum penalty authorized by section 626.641, Florida Statutes (1981). We do not know whether the same penalty would have been imposed for the remaining violations absent the finding concerning the *185 “light box.” Therefore, we VACATE the penalty and REMAND for reconsideration thereof in light of this opinion.
HOBSON and LEHAN, JJ., concur.

. The agency’s final order concluded that appellant’s conduct with regard to the “light box” constituted violations of section 626.611(5) (willful deception with regard to an insurance policy), section 626.611(7) (lack of fitness or trustworthiness), section 626.611(9) (fraudulent or dishonest practices), and section 626.621(6) (unfair or deceptive acts or practices), Florida Statutes (1981).