447 So.2d 930 (1984)
Ralph C. ROBINSON, D.D.S., Appellant,
v.
The FLORIDA BOARD OF DENTISTRY, DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF PROFESSIONS, Appellee.
No. 83-1187.
District Court of Appeal of Florida, Third District.
March 6, 1984.
Rehearing Denied April 13, 1984.
*931 Fine, Jacobson, Block, Klein, Colan & Simon and Stuart Simon, Miami, Robert D. Korner, Coral Gables, for appellant.
Theodore R. Gay, Tallahassee, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Dr. Ralph Robinson, a dentist, appeals from a final order of the Department of Professional Regulation, Board of Dentistry (hereinafter, the Board), suspending his license to practice dentistry in Florida, imposing a $1,000 administrative fine, and requiring fifty (50) hours of continuing education in two specified areas. We have jurisdiction, Rule 9.030(b)(1)(C), Florida Rules of Appellate Procedure; section 120.68(2), Florida Statutes (1981), and reverse.
An administrative complaint was filed against Dr. Robinson in 1981. The complaint alleged that Dr. Robinson had provided extensive dental treatment to the complainant, one Robert Durant, and that the specified procedures were unjustified, sub-par, and medically contraindicated. It further alleged that the lower partial denture made for the complainant by Dr. Robinson was totally ill-fitting. The teeth were eventually extracted by another dentist.
A hearing was held pursuant to section 120.57, Florida Statutes (1981). Dr. Robinson was not represented by counsel. The Board presented the testimony of the complainant and a successor attending dentist, Dr. Byron Beard.[1] The hearing officer found that Dr. Robinson's treatment of complainant's condition failed to meet the minimum standard of performance in diagnosis and treatment, a violation of section 466.028(1)(y), Florida Statutes (1981).[2] She recommended a thirty (30) day suspension of his license and a $1,000 administrative fine. Dr. Robinson, now represented by counsel, appealed this decision and a hearing was held before the full Board. A final order was issued by the Board which adopted the hearing officer's findings of fact and conclusions of law, specifically rejected Dr. Robinson's exceptions to the recommended order and announced that the hearing officer's recommended penalty was too lenient. It increased the penalty and Dr. Robinson took this appeal.
Dr. Robinson has held a license to practice dentistry in Florida since 1955. His specialty is the restoration of mouths that are in a state of serious deterioration. Much of his practice comes from referrals *932 from other dentists. He has addressed working sections of the American Dental Association in his area of specialty. The types of procedures used by Dr. Robinson have been described in professional journals. Dr. Beard is a general dentist who had been in practice for four years at the time of the hearing. As noted supra, Dr. Beard was the successor attending dentist in this case; that is, he extracted the teeth that Dr. Robinson tried to save. Dr. Beard testified that it was his opinion that the complainant's mouth was in such a deteriorated state that extraction was the only possible procedure; that restoration should never have been attempted.
In Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981), the court stated:
In a proceeding under a penal statute for a suspension or revocation of a valuable business or professional license, the term `substantial competent evidence' takes on vigorous implications that are not so clearly present on other occasions for agency action under Chapter 120... Evidence which is `substantial' for one purpose may be less so on another, graver occasion. One takes a stranger's name at his word upon a chance meeting, but wants better proof to cash his check.
Id. at 171 (footnotes omitted). Accord Guest v. Department of Professional Regulation, Board of Medical Examiners, 429 So.2d 1225 (Fla. 1st DCA 1983); Moncrief v. State, Commissioner of Insurance, 415 So.2d 785 (Fla. 1st DCA 1982); Smith v. School Board of Leon County, 405 So.2d 183 (Fla. 1st DCA 1981). "[W]hen the proceeding may result in the loss of a valuable business or professional license, the critical matters in issue must be shown by evidence which is indubitably as `substantial' as the consequences." Bowling v. Department of Insurance, supra, 394 So.2d at 172.
It should be absolutely self-evident that suspending a professional license solely on the basis of the testimony of one interested witness[3] does not even begin to approach the level of "competent substantial evidence" as required by section 120.57.[4] Dr. Beard's opinion as to why extraction was the only available option in this case was certainly relevant testimony. But the hearing officer and the petitioner's attorney should have understood that Dr. Beard would have a professional interest in having his course of treatment recognized as being the "correct" or "justifiable" one. In addition, Dr. Beard had a continuing financial interest in the case in that the complainant was, presumably, still his patient. Without impugning Dr. Beard's motives, we find his testimony suspect. One professional's opposing opinion, without more, on a particular treatment is neither substantial evidence of incompetence nor a measure of "generally prevailing peer performance." Cf. section 466.028(1)(y), Florida Statutes.
The Department of Professional Regulation, as well as the specific professional boards coming under its purview, must remember that the suspension of a license which is essential in the pursuit of livelihood involves state action. Such licenses may not be revoked or suspended without procedural due process. Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). In Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182, 188 (1980), the Supreme Court said:
The neutrality requirement (of the Due Process Clause) helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. At the same time, it preserves both the appearance and reality of fairness, `generating the feeling, so important to a popular *933 government, that justice has been done... .' (citations omitted)
While Dr. Robinson did have a hearing before his license was suspended, we have serious reservations about the meaningfulness of that process. As Justice Frankfurter said, "The history of liberty has largely been the history of observance of procedural safeguards." McNabb v. United States, 318 U.S. 332, 347, 63 S.Ct. 608, 616, 87 L.Ed. 819, 827-828 (1943). Even earlier, Justice Cardozo stated: "Fundamental too in the concept of due process, and so in that of liberty, is the thought that condemnation shall be rendered only after trial... . The hearing, moreover, must be a real one, not a sham or pretense." Palko v. Connecticut, 302 U.S. 319, 327, 58 S.Ct. 149, 153, 82 L.Ed. 288, 293 (1937).
We reverse upon a finding that there was no competent substantial evidence to support the Board's decision to suspend Dr. Robinson's license to practice dentistry.
Reversed.
NOTES
[1] The record indicates that the complainant did not complete Dr. Robinson's recommended course of treatment and saw at least one other dentist before going to Dr. Beard. The record further reflects that even though Dr. Beard had not finished treatment of complainant's lower teeth, he had not seen the complainant "in a while."
[2] Section 466.028(1) states:

The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
* * * * * *
(y) Being guilty of incompetence by failing to meet the minimum standards of performance in diagnosis and treatment when measured against generally prevailing peer performance, including, but not limited to, the undertaking of diagnosis and treatment for which the dentist is not qualified by training or experience.
[3] In reality, there were two interested witnesses since the complainant also testified against Dr. Robinson.
[4] Section 120.68(10), Fla. Stat. (1981) provides for reversal when the court finds that the agency's action depends upon any finding of fact not supported by competent substantial evidence in the record. (e.s.)