BARFIELD, Judge.
Dr. Azima appeals the order of the Department of Professional Regulation (Department) which suspended his license for failure “to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances.” See Fla. Stat. section 458.331(l)(t)(1981). Appellant contends that the Department’s order is not supported by competent and substantial evidence. We disagree and affirm.
Dr. Azima operated a clinic in the Fort Myers area which provided birth control services and performed pregnancy termination procedures. The hearing officer found that Dr. Azima provided substandard care to two of his patients and the Department accepted her findings of fact and conclusions of law. Appellant asserts that the Department erred because the evidence against him was all in the form of expert testimony of physicians who were in direct competition with him.[1] It is his position that under the rationale of Robinson v. Florida Board of Dentistry, 447 So.2d 930 (Fla.3d DCA 1984), the competing physicians’ testimony did not provide a sufficient evidentiary basis to support the Department’s order.
In Robinson, the district court reversed an order which imposed sanctions against a dentist for alleged substandard treatment of a patient. The expert testimony against Dr. Robinson consisted solely of the opinions of Dr. Beard, the dentist who succeeded Dr. Robinson in treating the patient. The court found that where the successor had an interest in seeing his recommended treatment recognized as “correct” and had a continuing financial interest in the patient, his testimony, without more, could not support a license suspension.
We find that the facts before us differ from those in Robinson in several significant respects. First, four different local physicians testified against the appellant. Thus, their testimony presented a much broader cross-section of the local medical community than was made available in Robinson.[2] Moreover, the “interests” of the testifying physicians here were different from those present in Robinson. Unlike Dr. Beard, these physicians did not recommend totally different courses of treatment but instead testified that Dr. Azima’s care was substandard by his failure to perform or have performed certain tests to safeguard his patients’ health.[3] Additionally, there was no suggestion that any of the physicians were continuing to treat these patients and, accordingly, there is no showing of continued financial inter *763 ests in the patients on the part of the witnesses.
Based on the above, we hold Robinson inapplicable to the instant case. As the order of the Department of Professional Regulation is supported by competent and substantial evidence, it is AFFIRMED.
BOOTH, C.J., and WIGGINTON, J., concur.

. There were six physicians performing pregnancy terminations outside of the hospital setting in Fort Myers at the time of the hearing. Four of appellant’s five competitors testified against him.

. We reject appellant’s simplistic argument that because three of the four witnesses were partners, their similar views should only be regarded as a single opinion.

.Specifically, appellant failed to use a blood test to determine pregnancy before inserting an IUD in a woman who exhibited symptoms of pregnancy; and failed to determine a woman’s Rh factor and hemoglobin level at the time of a termination procedure and failed to take appropriate steps to recognize that he had not, in fact, terminated the pregnancy.