PER CURIAM.
Willie Williams was convicted of attempted armed robbery, armed kidnapping, and unlawful possession of a firearm while engaged in a criminal offense. We affirm the convictions and sentences.
First, Williams incorrectly contends that the failure to include an essential element of the offense of armed kidnapping, that the kidnapping occurred during the commission of, or to facilitate the commission of any felony, rendered the information fundamentally defective for failure to charge a crime so that a conviction for armed kidnapping could not be predicated thereon, even though no motion to dismiss this count of the information was ever filed below. The kidnapping count in the instant information specifically referenced section 787.01, Florida Statutes. Since that section defines the elements of the offense of kidnapping, including the intent to “[cjommit or facilitate commission of any felony,” § 787.01(l)(a)2., Fla.Stat. (1991), and since the information also charged Williams with the felony of attempted robbery, he was placed on adequate notice of the crime charged and was not misled or embarrassed in the preparation of his defense. DuBoise v. State, 520 So.2d 260, 265 (Fla.1988); Cotton v. State, 395 So.2d 1287, 1289 (Fla. 1st DCA 1981).
Williams’ second contention is that the evidence was insufficient to support his kidnapping conviction. We disagree. The evidence presented at trial revealed that Williams approached his victim as he was unlocking the door to his house. With a shotgun pointed at the victim’s head, Williams forced him across the street to the back of a church, told him to take off his shoes and drop his pants, searched him for money, then walked him to the side of the church and behind another house. Williams’ movement of the victim satisfies all three prongs of the test set forth by the supreme court in Faison v. State, 426 So.2d 963, 965-66 (Fla.1983), and therefore supports the kidnapping conviction. See also Walker v. State, 604 So.2d 475, 477 (Fla.1992).
*400 Finally, Williams claims he was deprived of a fair trial when the trial court refused his request to cross-examine a state’s witness about the witness’ drug use after the date of the incident in question. The supreme court has held that evidence of a witness’ drug use, other than at the time of trial or at the time of the incident, is not admissible to impeach the witness unless there is an express showing, by other relevant evidence, that the prior drug use affected his ability to observe, remember, or recount. Edwards v. State, 548 So.2d 656, 658 (Fla.1989). Here, no such showing was made, and the trial court correctly excluded such evidence.
Accordingly, Williams’ convictions and sentences for the crimes charged are affirmed.