BLUE, Judge.
Willie Robinson, Jr., appeals the final default order of revocation of his insurance license entered by the Treasurer of the State of Florida, Department of Insurance (Department). Robinson requests this court to require a hearing on the merits of the complaint against him. The Department contends Robinson waived the hearing by his failure to respond to the Department’s administrative complaint. We conclude that although the suspension of Robinson’s license was in technical conformance with the Department’s rules and regulations, the facts of this case raise serious questions of due process which require that we reverse and remand for a hearing.
In 1994, the Department began an investigation and notified Robinson that there were allegations which might result in the suspension or revocation of his license to sell insurance. At that point in time, Robinson retained an attorney who advised the Department, in writing, of his representation and requested that all future correspondence be directed to him. Subsequently, the Department filed an administrative complaint against Robinson. The complaint required Robinson to reply within thirty days if he wished a hearing to contest the charges. The administrative complaint was sent to Robinson at his home and business addresses. The certificate of service on the complaint set forth that it was also served on Robinson in care of his attorney.
No hearing was requested and as a result, Robinson’s insurance license was revoked *1379 based on the default. Immediately upon receiving the order of revocation, Robinson filed a request for rehearing. The request for rehearing was accompanied by two affidavits. The first affidavit was from Robinson’s attorney certifying that the administrative complaint had not been received by him at his office. The second affidavit was by Robinson stating that the complaint reflected service to his attorney and that he had assumed that his attorney would respond appropriately. Further, Robinson stated that he was prejudiced by his reliance on the Department’s complaint.
The record reflects that the complaint was sent by certified mail to all three addresses. The Department’s file includes return receipts for both copies sent to Robinson’s home and business. The Department admitted in its brief and at oral argument that it had no receipt for the complaint sent to Robinson in care of his attorney.
The only action resulting from the request for rehearing was a letter from the Department’s attorney to Robinson’s legal counsel. The Department’s attorney denied the rehearing, stating that the revocation was in conformance with the Department’s rules and regulations. It is clear from the record that the question of a rehearing was not submitted to an independent arbitrator, but was determined solely by the Department’s attorney.[1]
A license to sell insurance is a valuable property interest and it cannot be taken away without due process of law. See Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). Ordinarily, unless waived, due process requires an appropriate hearing and opportunity to contest the charges prior to the suspension or revocation of a license to sell insurance. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Robinson v. Florida Bd. of Dentistry, 447 So.2d 930 (Fla. 3d DCA 1984).
The Department’s position is that Robinson waived the right to a hearing. We conclude that the Department is precluded from relying on waiver by Robinson because the attorney’s affidavit and the Department’s file indicate that Robinson’s attorney did not receive the administrative complaint. Robinson’s affidavit clearly indicates he was relying on his attorney for representation and, based on the certificate of service, assumed his attorney had received the administrative complaint.
Certainly no harm can occur by holding a hearing. If Robinson is guilty of the charges, he should have his license suspended or revoked. However, Robinson should be allowed the opportunity to contest the charges. If the facts are not as alleged, and the default revocation order stands, a valuable property right has been taken from Robinson without due process.
The Department does not appear to question the factual circumstances alleged in the affidavits. In the event that the Department decides to contest the affidavits and the question of notice, it should do so at the hearing. The hearing officer’s determination that Robinson’s attorney had actual notice, or that Robinson did not, in fact, rely on the Department’s complaint, would support the Department’s position of waiver. Otherwise, due process requires a full hearing on the allegations of the administrative complaint.
Reversed and remanded.
THREADGILL, C.J., and CAMPBELL, J., concur.

. Although not directly presented in this appeal, we have serious concerns regarding this procedure. It appears that the Department’s attorney inappropriately assumed the role of both advocate for the Department and the Department’s judicial functions. Such a procedure itself may present a due process violation. See Cherry Communications, Inc. v. Deason, 652 So.2d 803 (Fla.1995).