BARFIELD, Chief Judge.
The appellant, owner of a bail bonding agency, appeals the final order of the Department of Insurance (DOI) which rejected the hearing officer’s recommendation of dismissal of the administrative complaint against her, charging that she violated provisions of chapter 648 by hiring a convicted felon, and which imposed upon her a $600 fine and a period of probation. We affirm.
The parties do not dispute that the appellant knew about her husband’s 1981 conviction for grand theft and his 1990 conviction for mail fraud when she hired him in 1998 to run the parking lot adjacent to her bail bonding agency, nor that he answered the phones on occasion with her knowledge. She asserted that she should not be disciplined because she was coerced into hiring him by federal probation officers and because she received advice from several attorneys that a 1984 consent order immunized her husband from the requirements of section 648.44(7)(a), Florida Statutes, and therefore protected her from discipline for hiring him. DOI argued that the consent order addressed only the effect of her husband’s 1981 conviction, and did not permit his employment by a bail bonding agency after his 1990 conviction.
The hearing officer concluded that, absent a criminal conviction for violating section 648.44(7)(b), DOI could not use that provision as a basis for discipline, notwithstanding his finding that the appellant
... knowingly permitted her husband to engage in- the bail bond business to the extent that the husband had immediate contact with persons seeking assistance for bail-related matters. This refers to contact in person and by telephone. Otherwise, the act of serving as parking lot attendant and vacuuming the office did not constitute engagement in bail bond business.
He concluded that because section 648.44(7)(b) relates to a criminal offense, the appellant “cannot be tried independently through administrative prosecution under the theory that the accused has violated a provision of the insurance code.” He concluded that the appellant did not willfully violate any of the provisions of chapter 648, and that even if she were considered to have violated the insurance code by activities associated with section 648.44(7)(b), she “has not acted in a willful manner, given the advice of counsel and the circumstances related to the federal probation office.”
In its final order, DOI ruled that the appellant had not violated section 648.44(7)(b), but that the hearing officer’s factual findings [that she knowingly permitted her husband, a convicted felon subsequent to the 1984 consent order, to be an employee in her bail bond business] established a violation of section 648.44(7)(a) which would subject her to discipline under section 648.45(3)(b), noting that section 648.57 provides that any violation of chapter 648 is a second degree misdemeanor unless a more severe criminal penalty is provided and that section 648.46(1) authorizes DOI to administratively prosecute any violation of chapter 648. It found that section 648.44(7) “contains no exception from the general rule established in Section 648.46(1), Florida Statutes, but the former merely establishes a more severe penalty than is provided in Section 648.57, Florida Statutes.” It imposed an administrative penalty of $500 and a two-year period of probation.
We find that DOI properly rejected the hearing officer’s erroneous legal conclu *968 sion that administrative discipline based on section 648.44(7)(b) requires as a condition precedent a criminal conviction for violation of that provision. We find that the record establishes that the appellant violated section 648.44(7)(b), not section 648.44(7)(a), as DOI erroneously concluded, and that the discipline imposed upon her was warranted. DOI having reached the correct result, albeit based on faulty reasoning, its order is AFFIRMED.
KAHN and BENTON, JJ., concur.