689 So.2d 1211 (1997)
Allison K. WERNER, Appellant,
v.
STATE of Florida, DEPARTMENT OF INSURANCE AND TREASURER, Appellee.
No. 96-1311.
District Court of Appeal of Florida, First District.
March 13, 1997.
Certification Denied April 16, 1997.
*1212 R. David Prescott and Michael Underwood of Rutledge, Ecenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for Appellant.
Beverly B. Brewster of the Florida Department of Insurance, Tallahassee, for Appellee.
BENTON, Judge.
At the formal administrative hearing in this disciplinary licensing case, witnesses contradicted each other. The recommended order resolved the conflict against appellant, and the final order adopted the recommended order's findings. Because testimony of one of the witnesses, which the hearing officer credited, amounts to substantial competent evidence that supports the findings of fact, we decline to disturb them. We also reject a belated claim that the licensee did not have adequate notice of the charges against her. But we agree that the Department failed, as a matter of law, to prove a violation of section 626.611(9), Florida Statutes (1989). For this and other reasons, we remand for reconsideration of the penalty.

Facts Found
At a section 120.57(1) hearing, the purchaser of an annuity testified that she had meant to invest ten thousand dollars for two years at eight per cent, and thought she had done so on February 15, 1991. Appellant Allison K. Werner sold her the annuity that day. The complainant testified that she and Ms. Werner "agreed on a two year investment at eight percent"; and that Ms. Werner did not inform her that certain interest would be forfeited if she withdrew more than ten per cent of the principal in any one of the first seven years of the annuity's existence. That the annuity contract in fact provided for such penalties in the event of withdrawals of this kind was not in dispute.
It was incumbent on the Department to prove by clear and convincing evidence the misrepresentations alleged in the administrative complaint, Ferris v. Turlington, 510 So.2d 292 (Fla.1987); see Department of Banking and Fin., Div. of Sec. and Investor Protection v. Osborne Stern and Co., 670 So.2d 932 (Fla.1996), not merely what the complainant's understanding of the transaction was, some years after the fact. The hearing officer, as he was then known, found that the complainant "agreed upon" a materially misrepresented transaction, because appellant failed to disclose the interest forfeiture provisions until February 15, 1993. In finding an agreement, the recommended order necessarily found intentional action on both sides. Also implicit in the hearing officer's findings, which the Department adopted in its final order, was a rejection of Ms. Werner's claim that she gave the complainant *1213 a brochure that explained these provisions, before the contract was signed.
We do not know why the hearing officer neglected to make an explicit finding as to whether, as Ms. Werner testified, she gave the purchaser a brochure describing the terms of the annuity or, as the purchaser testified, she did not. The testimony on this pivotal point was uncorroborated. But we reject appellant's contention that Robinson v. Florida Board of Dentistry, 447 So.2d 930 (Fla. 3d DCA 1984) lays down a rule that a single witness's testimony can never provide clear and convincing proof that a licensing or practice act has been violated.
The Robinson court held: "One professional's opposing opinion, without more, on a particular treatment is neither substantial evidence of incompetence nor a measure of `generally prevailing peer performance.'" 447 So.2d at 932. Whether or not this proposition remains good law, see Martuccio v. Department of Prof'l Regulation, Bd. of Optometry, 622 So.2d 607, 610 (Fla. 1st DCA 1993), the present case is readily distinguishable from Robinson. See Dyer v. Department of Ins. and Treasurer, 585 So.2d 1009, 1012-13 (Fla. 1st DCA 1991). The disputed issue here was whether certain disclosures had been made, not what constituted "generally prevailing peer performance." On this question of fact, only two witnesses' testimony was germane. Both testified, and it was for the hearing officer to decide whom to believe. We acknowledge conflict with Daniels v. Gunter, 438 So.2d 184 (Fla. 2d DCA 1983). "It is well-established that a factual finding by an administrative agency will not be disturbed on appeal if it is supported by `substantial evidence.'" Osborne Stern, 670 So.2d at 933. Accord, e.g., Jenkins v. State Bd. of Educ., 399 So.2d 103 (Fla. 1st DCA 1981).

No Motion To Dismiss Filed
Arguing for the first time on appeal that the administrative complaint was deficient, appellant has cited Cottrill v. Department of Insurance, 685 So.2d 1371 (Fla. 1st DCA 1996)("Predicating disciplinary action against a licensee on conduct never alleged in an administrative complaint or some comparable pleading violates the Administrative Procedure Act."). The present administrative complaint alleged the factual chronology of the transaction in detail and posited violations (among others) of section 626.611(5), Florida Statutes (1989), which forbids wilful misrepresentation of any annuity or insurance contract, and section 626.9521, Florida Statutes (1989), which forbids knowingly making false statements in negotiating an insurance policy and knowingly misrepresenting the conditions or terms of any insurance policy to obtain a commission. § 626.9541(1)(a) and (k), Fla. Stat. (1989).
It would have been better practice, to be sure, if the administrative complaint had specifically alleged intent to violate pertinent statutory provisions proscribing wilful misconduct. For purposes of decision, we assume that a timely motion to dismiss on account of such omissions should have been granted. See Munch v. Department of Prof'l Regulation, Div. of Real Estate, 592 So.2d 1136, 1143-44 (Fla. 1st DCA 1992); Collignon v. Larson, 145 So.2d 246, 249 (Fla. 1st DCA 1962). But we are unwilling to require a new hearing at this stage, in the circumstances of the present case. Appellant's defense was that she had made the disputed disclosures. Nothing in the evidencenot appellant's testimony nor that of any other witnesssuggested an inadvertent omission. Articulated so late in the process, appellant's concerns do not persuade us that she has suffered unfairness on account of any deficiency in the administrative complaint.
The record affords not the slightest hint that Ms. Werner was in any way embarrassed in the preparation of her defense to the charges. Viewing these proceedings as penal in nature, we nevertheless conclude that "[s]he was placed on adequate notice of the [infraction] charged and was not misled or embarrassed in the preparation of h[er] defense. DuBoise v. State, 520 So.2d 260, 265 (Fla.1988); Cotton v. State, 395 So.2d 1287, 1289 (Fla. 1st DCA 1981)." Williams v. State, 617 So.2d 398, 399 (Fla. 3d DCA 1993). The present case differs importantly from Cottrill, where a licensee was found guilty of conduct never alleged, and from Delk v. Department of Professional Regulation, *1214 595 So.2d 966 (Fla. 5th DCA 1992), where a licensee was found guilty of violating a statute never alleged.
Intentional nondisclosure in violation of statutes specified in the administrative complaint was not alleged here in any fundamentally unfair way. Together with detailed factual allegations from which intentional violations might fairly be inferred, the administrative complaint set out several statutory provisions which by their own terms require proof of intentional misconduct. This combination sufficed to inform the licensee what was at issue, or so the agency was free to assume, absent a timely motion to dismiss.

Section 626.611(9) Construed
In general, a reviewing court owes deference to an agency's interpretation of a statute the agency administers, Dampier v. Department of Banking and Fin., Div. of Fin., 593 So.2d 1101 (Fla. 1st DCA 1992), but "judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning." PAC for Equality v. Department of State, Fla. Elections Comm'n, 542 So.2d 459, 460 (Fla. 2d DCA 1989). Moreover, statutes authorizing the revocation of a license to practice a business or profession "must be strictly construed, and such provisions must be strictly followed, because ... penal in ... nature." State v. Pattishall, 99 Fla. 296, 298, 126 So. 147, 148 (1930). But see DeBock v. State, 512 So.2d 164 (Fla.1987).
All that the hearing officer found to have been proven here wasin the words of the recommended order"violations ... based upon a single act of misconduct." The recommended order found that Ms. Werner failed to disclose material features of one annuity contract in one transaction. She was not found guilty of any other fraudulent or dishonest "practice" involving this or any other complainant. The Department's final order nevertheless found that she violated section 626.611(9), Florida Statutes (1989).
In this respect, the final order adopts the hearing officer's conclusion that a single episode of misconduct amounted to "[f]raudulent or dishonest practices in the conduct of business under [appellant's] license." § 626.611(9), Fla. Stat. (1991). While it has been held that a single act or a single criminal conviction may demonstrate "lack of fitness or trustworthiness" within the meaning of section 626.611(7), Florida Statutes (1989), see Natelson v. Department of Ins., 454 So.2d 31 (Fla. 1st DCA 1984), the statutory term "practices" used in section 626.611(9), Florida Statutes (1989), contemplates more than a solitary lapse. The "single act of misconduct" found here did not establish a violation of section 626.611(9), Florida Statutes (1989).

Penalty Must Be Reconsidered
The final order adopted the hearing officer's recommendation to suspend appellant's license for one year. We vacate the order of suspension and remand to the Department for reconsideration for four reasons. First, the hearing officer's recommendation as to penalty assumed that appellant's sale of an annuity in a bank violated section 626.988(8), Florida Statutes (1989), which the final order found inapplicable to the sale of annuities. Second, we have concluded as a matter of law that no violation of section 626.611(9), Florida Statutes (1989), was proven. Third, both the final and recommended orders erroneously concluded that appellant had violated portions of section 626.9541, Florida Statutes (1989). These provisions are merely definitional and do not themselves authorize any disciplinary action.
An agency's imposition of the same penalty for less numerous (or less severe) offenses than those that underlay a hearing officer's recommended penalty is functionally equivalent to imposing a greater penalty than the hearing officer recommended for the same offenses. Both former section 120.57(1)(b)10 and section 120.57(1)(j), Florida Statutes (Supp.1996), provide:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
*1215 The final order adopted a recommended penalty although the recommendation was predicated in part on violations that did not occur, without explaining "with particularity its reasons therefor." This is not a case where the final order's citation to the wrong statute was a mere scrivener's error. Cf. Etheridge v. Department of Ins., 688 So.2d 966 (Fla. 1st DCA 1997).
Without explication, the final order stated simply: "The recommended penalty is adopted." This unexplained adoption of the recommended penalty requires a remand for reconsideration of the penalty. As in Cottrill, 685 So.2d at 1371, we
remand with directions to the Department to take appropriate disciplinary action, predicated solely on the violations both pleaded in the administrative complaint and proven at hearing. Munch v. Department of Professional Regulation, 592 So.2d 1136, 1144 (Fla. 1st DCA 1992)("Because we reverse in part the Commission's Final Order, we must remand to the Commission to permit it to reconsider the penalty imposed upon appellant in light of this opinion."); Schepp v. School Bd. of Broward County, 506 So.2d 1108 (Fla. 4th DCA 1987); LaRossa v. Department of Professional Regulation, 474 So.2d 322, 325 (Fla. 3d DCA 1985)("Since we have reversed the Commission's finding with regard to subsection (k), we must remand this cause to the Commission for reconsideration of the penalty imposed.").
Finally, in determining a penalty, both the hearing officer and the Department impermissibly relied on an administrative rule that was promulgated more than two years after the events in question transpired. See Gwong v. Singletary, 683 So.2d 109 (Fla. 1996). For this reason, too, a remand is necessary.
Reversed and remanded.
ERVIN and KAHN, JJ., concur.