COPE, J.
Joseph A. Marcelin appeals two final orders entered by the Construction Industry Licensing Board. We affirm in part and reverse in part.
The Department of Business and Professional Regulation filed an administrative complaint against Marcelin, a certified residential contractor, alleging that in three separate instances, Marcelin had used his license to obtain building permits so as to allow unlicensed contractors to perform contracting work; that in each instance he falsely represented that he was the contractor of record; and that he thereby assisted unregistered persons in evading the requirements of chapter 489, Florida Statutes. See § 489.129(l)(c), (e), (f), Fla. Stat. (Supp.1992). After an evidentiary hearing, the administrative law judge found that the charges were proved by clear and convincing evidence. Because Marcelin had been disciplined for such violations two times previously, the administrative law judge recommended that his license be revoked. The Construction Industry Licensing Board revoked Marce-lin’s license, and he has appealed.
Marcelin first contends that the administrative law judge found that he had committed three violations which were not alleged in the administrative complaint. This point is well taken. In addition to the violations already outlined, the administrative law judge found that Marcelin had “misrepresented the value of the work to be performed by understating the contract amount on permit applications; ... misrepresented his involvement in such projects to the Dade County building officials; and executed documents as a contractor *747 prior to the time his license was reinstated.” Recommended order ¶ 37. We strike these violations because they are outside the administrative complaint.
Mareelin next contends that there is insufficient competent substantial evidence to support the remaining violations found by the administrative law judge, namely, that Mareelin “executed false permit applications indicating he was the contractor on projects for which he was not responsible ... [and] assisted unlicensed persons to obtain permit for work ... which he did not perform nor take responsibility....” The administrative law judge found these allegations to have been proved by clear and convincing evidence. There was live testimony from Mareelin himself and two witnesses, as well as an abundance of documentary evidence. This included testimony by the investigator, Eric Wardle, that Mareelin had admitted using his license to pull permits for unlicensed persons. The evidence was squarely in conflict. The administrative law judge resolved these conflicts in favor of the Department, and explicitly found Mareelin not to be credible.
Mareelin argues, however, that this court’s decision in Robinson v. Florida Board of Dentistry, 447 So.2d 930 (Fla. 3d DCA 1984), requires that the testimony of one of the witnesses, Dennis Joseph, must be disregarded because Joseph is an “interested person.” Joseph testified, and the administrative law judge found, that Mareelin “had made a deal with an unlicensed person, Dennis Joseph, to pull permits for him. The jobs were for persons who, in some instances, Respondent [Mareelin] had never met.” Recommended order ¶ 22.
The Robinson decision was rendered in a dental malpractice case, in which the only expert testimony of Robinson’s malpractice was given by the successor treating dentist, Dr. Beard. This court concluded that the successor treating professional’s “opposing opinion, without more, on a particular treatment is neither substantial evidence of incompetence nor a measure of ‘generally prevailing peer performance.’ ” 447 So.2d at 932. The logic was that the successor treating professional has an interest in having his professional opinion vindicated and may have a continuing financial interest as the successor treating dentist. See id. In other words, to sustain the license suspension would require some independent expert opinion.
That logic has no application here. Joseph was a fact witness testifying about the arrangements between himself and Mareelin regarding the pulling of various permits. He was not called to testify as an expert witness regarding the standard of care for purposes of a malpractice case.
Mareelin contends that there were evi-dentiary errors during the administrative hearing. We disagree and find no error. Mareelin also contends that the administrative findings rest on uncorroborated hearsay. To the contrary, there was ample evidence to support the findings, and such hearsay as was introduced was adequately corroborated.
In sum, we have upheld the administrative law judge’s findings that Mareelin committed the charged violations, but have overturned three other findings because they were not charged in the administrative complaint. Since the agency action is being set aside in part, we return the matter to the Board so that the Board can decide whether to adhere to the same penalty, or change the penalty. In remanding, we express no opinion on whether the penalty should stay the same, or should be modified. That decision is entirely up to the Board.
Mareelin also appeals an order which denied him permission to take the general contractor’s certification exam. Permission was refused in part based on the pendency of these disciplinary proceedings relating to his existing residential contractor license. However, the amended order also states that “Applicant’s applica *748 tion for the general contractor’s certification exam was denied due to Applicant’s attempt to obtain licensure by misrepresentation.” Amended order ¶ 1. As to this claim, Marcelin requested an administrative hearing, contending that an incorrect answer he gave on the application regarding his prior disciplinary history was done through a misunderstanding of the question, and not intentionally. We are constrained to agree with Marcelin that the Board made a procedural error in this instance. Marcelin is entitled to a hearing before being found to have committed an intentional misrepresentation in the application. We therefore reverse the amended order and remand for further proceedings.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.