CASANUEVA, Judge.
Louis Francis Robert, Jr., a licensed insurance agent, appeals the final order of the Department of Insurance (the Department) that suspended his license, contending that there was insufficient evidence to conclude that he committed violations of several sections of chapter 626, Florida Statutes (1999) and (2001), and Florida Administrative Code Rule 4-215.230. Mr. Robert also claims that the Department erred in calculating the period of suspension of his license, eighteen months. We find there was sufficient, competent evidence presented that Mr. Robert committed the violations with which he was charged. We affirm, therefore, that part of the Department’s final order that adopted the findings of violation in the recommended order of the administrative law judge (ALJ) and found that a period of suspension was required. However, we conclude the eighteen-month period of suspension was incorrectly imposed and reverse that part of the final order.
The two-count amended administrative complaint resulted from Mr. Robert’s professional transactions with two elderly female clients. In 1998, Mr. Robert was authorized by a policyholder to have the name of her deceased husband removed from an annuity. The ALJ found that Mr. Robert instead had the client sign two documents to obtain a new annuity policy and to claim death benefits. The death benefit proceeds were used to acquire the new annuity. The Department charged in count one that Mr. Robert had *683 acted without authorization from this client and, in doing so, had engaged in acts proscribed by sections 626.611, .621, .9521, and .9541, and administrative rule 4-215.230.
In 2001, Mr. Robert presented forms for another elderly client’s signature. This client intended only to change the beneficiaries on her existing annuities. Instead, the existing annuities were surrendered and a new annuity was purchased. Count two of the Department’s administrative complaint charged similar violations of chapter 626 and the administrative code in reference to the unauthorized transaction with this client.
The ALJ found that the Department had proven the unauthorized transactions in both instances by clear and convincing evidence and that Mr. Robert either wilfully misrepresented or wilfully deceived the policyholders. Additionally, the ALJ concluded that these two transactions were the result of fraudulent or dishonest practices and recommended a license suspension of eighteen months. The Department rejected all of Mr. Robert’s exceptions to the ALJ’s recommended order and adopted the ALJ’s recommendations in its final order.
Florida Administrative Code Rule 4-231.040[1] sets forth the process to be followed in calculating the period of a license suspension as a sanction when a licensed insurance agent commits infractions of chapter 626. When, as in Mr. Robert’s case, multiple grounds for suspension exist, only the violation producing the highest penalty may be considered as the penalty for that count. See Fla. Admin. Code R. 4 — 231.040(l)(a). Among the various grounds for each count, Mr. Robert’s violation of section 626.611(9) carried the highest penalty, a nine-month license suspension. See Fla. Admin. Code R. 4-231.080. Thus, the Department calculated the penalty by adding together nine months for each count, resulting in a total penalty of eighteen months. See Fla. Admin. Code R. 4-231.040(2). Neither the ALJ nor the Department found any aggravating or mitigating circumstances, so, ultimately, the eighteen-month total penalty became the final penalty. See Fla. Admin. Code R. 4-231.040(3).
The ALJ found that in each count Mr. Robert violated section 626.611(9) which proscribes “[fraudulent or dishonest practices in the conduct of business under the *684 license or appointment.” This section has been interpreted to require more than a solitary lapse or single act of misconduct. In Werner v. State, Department of Insurance, 689 So.2d 1211 (Fla. 1st DCA 1997), the court strictly construed section 626.611(9) because suspension of a professional or business license is penal in nature. Ms. Werner was found guilty of failing to disclose certain material features of an annuity contract in a transaction with one client. No other fraudulent or dishonest practice was found in that transaction or in any prior complaint. The court concluded that a single act of misconduct did not meet the statutory requirement of multiple practices; thus, the Department had not established a violation of section 626.611(9).
As in Werner, Mr. Robert’s transaction with the client in 1998, which formed the basis for count one, was a single episode of misconduct and should be punished as such. Therefore, the Department cannot impose a nine-month suspension for the solitary lapse in professional conduct giving rise to count one. The violation proven in count one with the next highest penalty was for section 626.611(5), which prohibits “[w]illful misrepresentation of any insurance policy or annuity contract or willful deception with regard to any such policy or contract, done either in person or by any form of dissemination of information or advertising.” This violation carries a penalty of six months’ license suspension. It is Mr. Robert’s second transaction, in 2001, which clearly constituted the multiple practices for the .purpose of section 626.611(9), and the nine-month penalty for count two was, thus, appropriately imposed.
In summary, we affirm that portion of the final order finding that Mr. Robert violated chapter 626 in his dealings with two clients, but reverse the penalty imposed and remand for reimposition of a correctly calculated license suspension.
Affirmed in part; reversed in part; and remanded.
ALTENBERND, C.J., and COVINGTON, J., concur.

. Florida Administrative Code Rule 4-231.040, Calculating Penalty, provides:
(1)Penalty Per Count.
(a) The Department is authorized to find that multiple grounds exist under sections 626.611 and 626.621, Florida Statutes, for disciplinary action against the licensee based upon a single count in an administrative complaint based upon a single act of misconduct by a licensee. However, for the purpose of this rule chapter, only the violation specifying the highest stated penalty will be considered for that count. The highest stated penalty thus established for each count is referred to as the “penalty per count.”
(b) The requirement for a single highest stated penalty for each count in an administrative complaint shall be applicable regardless of the number or nature of the violations established in a single count of an administrative complaint.
(2) Total Penalty. Each penalty per count shall be added together and the sum shall be referred to as the “total penalty.”
(3) Final Penalty. The final penalty which will be imposed against a licensee under these rules shall be the total penalty, as adjusted to take into consideration any aggravating or mitigating factors, provided however the Department shall convert the total penalty to an administrative fine and probation in the absence of a violation of section 626.611, Florida Statutes, if warranted upon the Department's consideration of the factors set forth in rule subsection 4-231.160(1).