HAWKES, J.
 

 This is an appeal from an Education Practices Commission decision that upheld
 
 *385
 
 the retroactive application of section 1012.795(l)(n), Florida Statutes (2008). We reverse the Commission’s decision, finding: (1) the Legislature did not intend that the statute apply retroactively; and (2) a retroactive application of the statute violates constitutional principles.
 

 Facts
 

 Daniel Presmy, a certified teacher, began teaching elementary education in the West Palm Beach County School District (the School District) in 2002. In 2006, Mr. Presmy was involved in an incident in which he ended a disruption by using his finger tips to push a third-grade student out of his classroom doorway. In a resulting criminal proceeding, Mr. Presmy pled guilty to misdemeanor battery on a minor. Shortly thereafter, the West Palm Beach County School Board (the School Board) voted to suspend Mr. Presmy and initiated dismissal proceedings. Mr. Presmy challenged the School Board’s decision before the Commission. In its Final Order, the Commission adopted a Recommended Order issued by an Administrative Law Judge (ALJ) with the Division of Administrative Healings (DOAH) and found as follows:
 

 The evidence is insufficient to persuade the undersigned that Presmy’s conduct, pushing the disruptive student victim’s head out of the classroom with his fingertips, was intended, or reasonably would be expected to cause harm.... There is no evidence that Presmy’s physical contact with the student in any way impaired his effectiveness in the school system. Further, no evidence was provided that Presmy embarrassed or disparaged the student. Therefore, the greater weight of the evidence fails to establish Presmy violated either the Code of Ethics or Principle of Professional Conduct.
 

 School Board of Palm Beach County,
 
 Florida v. Daniel Presmy,
 
 DOAH Case No. 07-5125 (August 11, 2008) (hereinafter “the 2008 Decision”).
 

 In accord with the 2008 decision, the School Board reinstated Mr. Presmy to his position with the School District.
 

 In 2008, the Legislature amended section 1012.795(l)(n), Florida Statutes, mandating that the Commission permanently revoke the educator certificate of any teacher convicted of misdemeanor battery on a minor. Pursuant to the amended statute, the Commission initiated proceedings to permanently revoke Mr. Presmy’s educator certificate, based on his aforementioned battery conviction. After a second hearing regarding the same factual circumstances relied on in the 2008 Decision, the Commission entered a Final Order adopting an ALJ’s recommendation that Mr. Presmy’s prior conviction warranted permanent revocation of his educator certificate. Mr. Presmy now appeals the Commission’s decision. We write only to address the constitutionality of the statute as applied to educators who have had their certificates revoked based on conduct that occurred prior to the 2008 amendments to section 1012.795(l)(n).
 

 Analysis
 

 Whether a statute applies retroactively or prospectively is a pure question of law to be reviewed
 
 de novo. See D’Angelo v. Fitzmaurice,
 
 863 So.2d 311, 314 (Fla.2003).
 

 Section 1012.795(l)(n) (2008) provides:
 

 (1) The Education Practices Commission ... may revoke permanently the educator certificate of any person thereby denying that person the right to teach or otherwise be employed by a district school board or public school in any capacity requiring direct contact
 
 *386
 
 with students ... provided it can be shown that the person:
 

 (n) Has been disqualified from educator certification under § 1012.315 [Fla. Stat. (2008) ]. (emphasis added).
 

 Section 1012.315(2)(a) (2008) provides:
 

 A person is ineligible for educator certification, and instructional personnel and school administrators, as defined in § 1012.01, are ineligible for employment in any position that requires direct contact with students in a district school system, charter school, or private school that accepts scholarship students under § 1012.01, § 1002.39 or § 1002.395, if the person, instructional personnel, or school administrator has been convicted of:
 

 (2) Any misdemeanor offense prohibited under any of the following statutes:
 

 (a) § 784.03, relating to battery, if the victim of the offense was a minor.
 

 According to the Commission, section 1012.795(l)(n), mandates it permanently revoke the educator certificate of any teacher convicted of a criminal offense listed in section 1012.315. The Commission has ruled the Legislature intended for 1012.795(l)(n) to apply retroactively, disqualifying certificate holders who were convicted of a section 1012.315 offense pri- or to the statute’s enactment from teaching in Florida Schools. We disagree, finding: (1) the Legislature did not intend that the statute apply retroactively; and (2) a retroactive application of the statute violates constitutional principles.
 

 It is undisputed that the Legislature amended section 1012'.795(l)(n) after the Commission issued Mr. Presmy an educator certificate and after he plead guilty to misdemeanor battery. Thus, the operative inquiry is whether section 1012.795(l)(n) should apply retroactively. The Florida Supreme Court has adopted a two-pronged test for determining whether a statute may apply retroactively: a reviewing court must ascertain (1) whether the Legislature clearly expressed its intent that the statute have retroactive application; and if so, (2) whether retroactive application would violate any constitutional principles.
 
 See Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass’n One,
 
 986 So.2d 1279, 1284 (Fla.2008) (quoting
 
 Metro. Dade County v. Chase Fed. Hous. Corp.,
 
 737 So.2d 494, 499 (Fla.1999));
 
 see also Menendez v. Progressive Express Insurance Co.,
 
 35 So.3d 873, 877 (Fla.2010).
 

 With respect to the first prong, the Legislature did not clearly express an intent that section 1012.795(l)(n) apply retroactively. Substantive statutes are presumed to apply prospectively, absent a demonstrated legislative intent to the contrary.
 
 See Metro. Dade County,
 
 737 So.2d at 499 (holding “[t]he general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively.”);
 
 see also Hassen v. State Farm Mut. Auto. Ins. Co.,
 
 674 So.2d 106, 108 (Fla.1996). In determining whether the Legislature intended that a statutory provision be applied retroactively, courts examine both the statute’s plain language and the Legislature’s purpose for enacting it.
 
 See Fla. Hosp. Waterman, Inc. v. Buster,
 
 984 So.2d 478, 488 (Fla.2008) (quoting
 
 Metro. Dade County,
 
 737 So.2d at 500).
 

 In the instant case, there is nothing indicating the Legislature intended the 2008 amendment to section 1012.795(l)(n) be applied retroactively. Indeed, the statute’s express language (and the provision of section 1012.315 it references) does not directly or indirectly address retroactivity. To the contrary, the disputed statutory provisions enumerate a list of specific offenses that make a person “ineligible for
 
 *387
 
 educator certification.” It is axiomatic that a statute that expressly operates only to set forth the offenses that bar an individual from gaining educator certification cannot be relied on as the means by which the Commission retroactively strips educators who have already achieved certification of their certificates.
 

 Additionally, there is no language in the staff analysis and enacting reports for sections 1012.795 and 1012.315 that can be construed as indicating the Legislature intended either statute apply retroactively.
 
 See
 
 House of Representative Staff Analysis, Bill # CS/CS/CS/SB 1712, p. 7. Although the Legislature made clear its intent to take away the Commission’s discretion in offering certification to individuals who had previously violated section 1012.315, there is nothing demonstrating an intent to retroactively strip teachers of their certification for having previously committed and disclosed violations of section 1012.315.
 
 Id.
 

 With respect to the second prong, the Commission’s retroactive application of section 1012.795(l)(n) is unconstitutional. Even where the Legislature has expressly stated that a statute will apply retroactively, reviewing courts must reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty.
 
 See State Farm Mut. Auto. Ins. Co. v. Laforet,
 
 658 So.2d 55, 61 (Fla.1995);
 
 see also Metro. Dade County,
 
 737 So.2d at 499 (quoting
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)) (holding the central focus of an inquiry into the retroactive application of the statute is whether doing so “attaches new legal consequences to events completed before its enactment.”).
 

 Here, it is undisputed that, at the time Mr. Presmy pled guilty to misdemeanor battery, section 1012.795(l)(n) had not yet been amended. Thus, although Mr. Presmy’s conduct may have placed his certificate in jeopardy under other statutory and Code of Ethics or Principle of Professional Conduct provisions, there was no law enacted that specifically mandated that the Commission revoke his certificate for committing misdemeanor battery. In short, Mr. Presmy had a vested property interest in his educator certification
 
 [1]
 
 , and the Commission’s retroactive application of section 1012.795(l)(n) impaired that interest by attaching new legal consequences to events that occurred before its enactment.
 

 Accordingly, because: (1) the Legislature did not intend for section 1012.795 to apply retroactively; and (2) the Commission’s interpretation and application of sections 1012.795(l)(n) and 1012.315 violates constitutional provisions, we reverse the Commission’s ruling.
 

 REVERSED.
 

 VAN NORTWICK and PADOVANO, JJ., concur.
 

 [1]
 

 . A professional has a property interest in his license to practice his profession protected by the due process clauses of the state and federal constitutions.
 
 See Robinson v. Fla. Board of Dentistry,
 
 447 So.2d 930 (Fla. 3d DCA 1984). Due process includes a prohibition against ex post facto laws which deprive a citizen of life, liberty or property based on conduct occurring before the effective date of the prohibition. Art. I, § 9, Fla. Const.;
 
 see also Rose v. State,
 
 507 So.2d 630 (Fla. 5th DCA 1987);