662 So.2d 1304 (1995)
LEE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Andrew LIPPI and J & M Floyd, Inc., a Florida corporation, d/b/a Jim's Bike and Scooter Rentals, Appellees.
No. 94-01575.
District Court of Appeal of Florida, Second District.
October 25, 1995.
*1305 John J. Renner, Assistant County Attorney for Lee County, James G. Yaeger, County Attorney, Ft. Myers, for Appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for Appellees.
FULMER, Judge.
Lee County appeals a partial final summary judgment that declared invalid a county ordinance provision regulating the use of personal watercraft[1] and that enjoined the county from enforcing the ordinance. The trial court determined that the ordinance was in conflict with state statutes regulating the operation of vessels in state waters. We hold the ordinance does not conflict with state law.
The ordinance provision in dispute is section 6.F of Lee County Ordinance 90-51, as amended by Ordinance 90-63, which provides:
No owner or operator shall operate any personal watercraft within the following areas of prohibited personal watercraft activity:
1) All waters within 500 feet of the shoreline of the west side of Captiva Island between Blind Pass and Redfish Pass; and
2) All waters between the shoreline of the east side of Captiva Island and a line commencing at the tripod marker and extending due south to Blind Pass. This area shall include Roosevelt Channel.
The appellees, who operate businesses that rent personal watercraft, filed an action seeking declaratory and injunctive relief alleging, inter alia, that section 6.F conflicts with section 327.46(1), Florida Statutes (1989), which provides:
The department [of Environmental Protection] shall have the authority for establishing, by rule, restricted areas on the waters of the state for any purpose deemed necessary for the safety of the public, including, but not limited to, boat speeds and boat traffic where such restrictions are deemed necessary based on boating accidents, visibility, tides, congestion or other navigational hazards. Each such restricted area shall be developed in consultation and coordination with the governing body of the county or municipality in which the restricted area is located and, where required, with the United States Army Corps of Engineers. Restricted areas shall be established in accordance with procedures under Chapter 120.
The trial court declared the ordinance provision invalid and enjoined its enforcement based on findings that:

*1306 2. Section 327.46(1) expressly authorizes only the Department of Environmental Protection (DEP) to create restricted areas upon the waters of the State for purposes of public safety ... [and] the statute vests no authority in local governments to actually create restricted areas.
3... . Section 327.60 permits local governments to adopt ordinances relating to the operation and equipment of vessels, but provides that no such ordinance shall be operative when it is in conflict with Chapter 327. Section 6.F. does not relate to the operation and equipment of vessels but, rather, purports to create a restricted area upon the waters of the State within which a particular type of vessel is prohibited. Further, Section 6.F. is clearly in conflict with Section 327.46(1) in that the restricted area established therein has not been created by the DEP, by rule, utilizing the procedures of Chapter 120.
We find no language in section 327.46(1) or any other provision of chapter 327 that evidences a legislative intent to preempt the authority of a county to regulate personal watercraft by designating areas in which they may not be operated. On the contrary, section 327.22, Florida Statutes (1993), and section 327.60, Florida Statutes (1993), both expressly recognize the authority of local governments to regulate these vessels in accordance with specified conditions. Section 327.22 provides:

Nothing in this chapter shall be construed to prohibit any municipality or county that expends money for the patrol, regulation, and maintenance of any lakes, rivers, or waters and for other boating-related activities in such municipality or county from regulating vessels resident in such municipality or county. Any county or municipality may adopt ordinances which provide for enforcement of noncriminal violations of s. 327.33 relating to the careless operation of a vessel which results in the endangering or damaging of property, by citation mailed to registered owner of the vessel. Any such ordinance shall apply only in designated restricted areas which are properly marked and in need of shoreline protection. Any county and the municipalities located within the county may jointly regulate vessels. (emphasis added)
Section 327.60(1) provides:
The provisions of [specified sections of chapter 327, including 327.46] shall govern the operation, equipment, and all other matters relating thereto whenever any vessel shall be operated upon the waterways or when any activity regulated hereby shall take place thereon. Nothing in these sections shall be construed to prevent the adoption of any ordinance or local law relating to operation and equipment of vessels, except that no such ordinance or local law may apply to the Florida Intracoastal Waterway and except that such ordinances or local laws shall be operative only when they are not in conflict with this chapter or any amendments thereto or regulations thereunder. (emphasis added)
Thus, the question before us is not one of preemption but rather whether the ordinance is in conflict with any provision of chapter 327 or regulations thereunder. We find no conflict. The ordinance regulates personal watercraft by prohibiting their operation in specified areas. It does not impede or purport to preclude the ability of the department to designate the same area as restricted for additional purposes.
Recognition of the concurrent authority of both the state and local governments to establish restricted areas is also found in section 327.73, Florida Statutes (1993), enumerating those infractions that are deemed noncriminal:
(1) Violations of the following provisions of the boating laws of this state are noncriminal infractions:
... .
(i) Violations relating to restricted areas and speed limits:
1. Established by the department pursuant to s. 327.46;
2. Established by local governmental authorities pursuant to s. 327.22 or s. 327.60. (emphasis added)
*1307 Because the local ordinance is not in conflict with any state statute, the trial court erred in declaring the ordinance invalid. Given our disposition of this case, we need not address the second point on appeal. However, because of matters brought to our attention in the record pertaining to this point, we deem it appropriate to make the following observation. Our holding that the trial court erred by declaring the ordinance invalid does not mean that the ordinance may be enforced without the restricted areas being properly marked by the county in accordance with the permitting requirements set forth in Chapter 62N-23, Florida Administrative Code.
Reversed and remanded for further proceedings consistent herewith.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] Section 327.02(33), Florida Statutes (1993), defines personal watercraft as a small class A-1 or A-2 vessel which uses an outboard motor, or an inboard motor powering a water jet pump, as its primary source of motive power and which is designed to be operated by a person sitting, standing, or kneeling on, or being towed behind the vessel, rather than in the conventional manner of sitting or standing inside the vessel.