701 So.2d 1235 (1997)
Rene HASBUN, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 97-1046.
District Court of Appeal of Florida, Third District.
December 3, 1997.
*1236 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Arthur J. England, Jr., and Joe N. Unger, Miami, for appellant.
Kathryn L. Kasprzak, Tallahassee, for appellee.
Before NESBITT, COPE and LEVY, JJ.
NESBITT, Judge.
Rene Hasbun, M.D., a physician licensed pursuant to Chapter 458, Florida Statutes (1995), appeals an adverse decision of the Board of Medicine(Board) imposing disciplinary action against him for allegedly violating two separate paragraphs of that chapter. The physician was specifically found to have acted in a manner below the acceptable standard of care, a violation of paragraph 458.331(1)(t), and to have exploited his patient for financial gain, a violation of paragraph 458.331(1)(n). With respect to each violation, the physician's claim here is the lack of clear and convincing evidence to support the Board's decision. See Department of Banking & Fin. Div. of Securities & Investor Protection v. Osborne Stern & Co., 670 So.2d 932 (Fla.1996).
Dr. Hasbun called an expert on his own behalf, who testified that the doctor's practice of medicine with respect to the particular patient at issue did not violate the acceptable standard of care. The agency's expert testified to the contrary. However, on cross-examination, the agency's expert conceded that in certain circumstances it could be within the acceptable standard of care for a physician to follow the course of conduct employed here. No attempt was made by the agency's attorney to rehabilitate the agency's own witness on redirect, to show that the facts of the present case did not meet the exception he had just mentioned. Ordinarily, the force and effect of a witness's testimony on direct is no greater than that made out on cross-examination. Consequently, we agree with the physician, that the testimony was insufficient and lacking in competent and substantial force, to support the adjudication that the physician had acted below the acceptable standard of care.
As to the exploitation charge, we conclude to the contrary. During the course of managing and treating the patient, Dr. Hasbun prescribed several procedures for the patient which the agency alleged were done solely to exploit the patient for the physician's financial advantage. The Board's expert made it clear that the physician did nothing for the patient, who was in a terminal condition and without hope of any remediation. Again, there was a sharp dispute in the testimony of the competing experts. On this count, however, the testimony of the agency expert, which the hearing officer *1237 credited, was not diminished by any uncertainty at all, and provided clear and convincing evidence of the claimed violation. Given that the hearing officer was entitled to accept the testimony of this expert, there is no impediment to our affirming the Board's order, which confirmed the hearing officer's finding of patient exploitation. Thus we affirm the order under review as to the claimed violation of paragraph 458.331(1)(n), exploitation of the patient for financial gain.
For the foregoing reasons, the Board's final order is reversed in part, and affirmed in part, and remanded to the Board for it to consider and impose whatever disciplinary action it chooses to order in compliance with subsection 458.331(2) and the Board's own disciplinary guidelines.
LEVY, J., concurs.
COPE, Judge (specially concurring).
On the first issue, I fully agree. On the second issue, I concur that affirmance is appropriate insofar as the hearing officer found overbilling and unnecessary testing. The agency's failure to prove the appropriate standard of care is, however, fatal to the claim that the doctor performed two unnecessary procedures on the patient. The basis for our affirmance on this issue could have a bearing on the penalty.