Mr. Robert H. Berntsson Punta Gorda City Attorney 326 West Marion Avenue Punta Gorda, Florida 33950-4492
Dear Mr. Berntsson:
You ask substantially the following question:
May volunteers issue citations for violations of the city's shoreline protection ordinance which establishes certain speed limits on the waterways within the city limits?
In sum:
Volunteers may not issue citations for violations of the city's shoreline protection ordinance which establishes certain speed limits on the waterways within the city limits.
According to your letter, the city has adopted a shoreline protection ordinance which regulates a vessel's speed in the various canals, channels and shoreline within the city limits.[1]
Subsection (d) of the ordinance provides:
The provisions of this section shall be enforced by every law enforcement agency in this state which enforces the laws of the state regulating the operation of vessels. Any person cited for a violation of the provisions of this section shall be deemed to be charged with a non-criminal infraction, shall be cited for such infraction, and shall be cited to appear before the county court. The civil penalty for such infraction is Fifty Dollars ($50.00). Any person who fails to appear or otherwise properly respond to the citation shall, in addition to the charge relating to the violation, be charged with the offense of failing to respond to such citation and upon conviction, be guilty of a misdemeanor of the second degree.
You state that enforcement of the ordinance is difficult since the city has only one full-time police officer assigned to marine patrol. Under the city's Volunteers in Policing Program, volunteers are assigned to assist the marine patrol officer. While these volunteers must meet certain qualifications regarding their familiarity with boats, they are not law enforcement officers.[2]
The question has been raised regarding the volunteers' authority to issue citations.
Chapter 327, Florida Statutes, the "Florida Vessel Safety Law," recognizes the authority of local government to regulate the operation of vessels on Florida waterways.[3] For example, section327.60, Florida Statutes, acknowledges the authority of local governments to regulate the operation and equipment of vessels so long as the regulations are not in conflict with the statute. Section 327.22(1), Florida Statutes, permits a county or municipality to adopt ordinances providing for enforcement of noncriminal violations of section 327.33, Florida Statutes, relating to the careless operation of a vessel which results in the endangering or damaging of property, by citation mailed to the registered owner of the vessel. Such ordinance applies only in designated restricted areas which are properly marked and in need of shoreline protection.
As noted above, the city ordinance itself provides for its enforcement by "every law enforcement agency in this state which enforces the laws of the state regulating the operation of vessels." Section 327.70(1), Florida Statutes, provides that Chapter 327 and Chapter 328
"shall be enforced by the Division of Law Enforcement of the Fish and Wildlife Conservation Commission and its officers, the sheriffs of the various counties and their deputies, and any other authorized law enforcement officer, all of whom may order the removal of vessels deemed to be an interference or a hazard to public safety, enforce the provisions of this chapter and chapter 328, or cause any inspections to be made of all vessels in accordance with this chapter and chapter 328."
Thus, the ordinance itself does not contemplate its enforcement by volunteers.[4]
In addition, section 327.73, Florida Statutes, addresses noncriminal infractions. Section 327.73(1) states in pertinent part that violations of the following provisions of the vessel laws of this state are noncriminal infractions:
"(k) Violations relating to restricted areas and speed limits:
* * *
2. Established by local governmental authorities pursuant to s. 327.22 or s. 327.60."[5]
Subsection (2) of the statute provides that any person cited for an infraction under this section may either post a bond or sign and accept a citation indicating a promise to appear.[6] The statute states that "[t]he officer may indicate on the citation the time and location of the scheduled hearing and shall indicate the applicable civil penalty." (e.s.) While the term "officer" is not defined, the term would appear to reference those authorized by the chapter to enforce its terms, i.e., the Division of Law Enforcement of the Fish and Wildlife Conservation Commission and its officers, the sheriffs of the various counties and their deputies, and any other authorized law enforcement officer. Volunteers who may be assisting law enforcement officers but are not law enforcement officers would not appear to be included.[7]
Accordingly, in light of the above, I am of the opinion that volunteers who may be assisting law enforcement officers, but are not law enforcement officers themselves, may not issue citations for violations of the city's shoreline protection ordinance which establishes certain speed limits on the waterways within the city limits.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 6-25, Punta Gorda City Code.
[2] Qualifications for the volunteers include a requirement that the individual have a basic knowledge of boat handling and inner workings of a boat; must have attended a United States Coast Guard Auxiliary Safe Boating Course; must have 150 hours of boating experience and a general knowledge of the Charlotte Harbor area, and must be a member in good standing of the United States Coast Guard Auxiliary. While volunteers are required to be members of the Coast Guard Auxiliary, your inquiry does not involve any actions taken by the volunteers in the capacity of auxiliary members at the direction of the coast guard.
[3] Cf., Lee County v. Lippi, 662 So.2d 1304 (Fla. 2d DCA 1995), holding that the fact that Ch. 327, Fla. Stat., authorizes the state to take action regarding the operation of boats in certain areas did not deprive the county of authority to adopt an ordinance on the same subject.
[4] See, Op. Att'y Gen. Fla. 82-12 (1982), stating that power to create appointive office did not include the authority to vest officer with the powers of a law enforcement officer. Cf., s.943.10(1), Fla. Stat., defining "[l]aw enforcement officer" as
"any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency."
[5] Section 327.73(1), Fla. Stat., further provides:
"Any person cited for a violation of any such provision shall be deemed to be charged with a noncriminal infraction, shall be cited for such an infraction, and shall be cited to appear before the county court. The civil penalty for any such infraction is $50, except as otherwise provided in this section. Any person who fails to appear or otherwise properly respond to a uniform boating citation shall, in addition to the charge relating to the violation of the boating laws of this state, be charged with the offense of failing to respond to such citation and, upon conviction, be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. A written warning to this effect shall be provided at the time such uniform boating citation is issued."
[6] Cf., Rule 3.125, Fla.R.Cr.P., providing that if a person is arrested for, among other things, a violation of a municipal ordinance triable in the county and he or she does not demand to be taken before a magistrate, a notice to appear (a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused to appear in a designated court or governmental office at a specified date and time) may be issued by the arresting officer except in certain specified circumstances.
[7] See, Op. Att'y Gen. Fla. 74-286 (1974), stating that municipal officers may enforce restricted areas and local ordinances on waterways within their jurisdiction, as provided in Ch. 371 (now Ch. 327), Fla. Stat.