STRINGER, Judge.
Dr. William Hammesfahr seeks review of a final order of the Board of Medicine (“the Board”) disciplining him for financial exploitation of a patient in violation of section 458.331(l)(n), Florida Statutes (2002). Because the Board’s determination is not supported by clear and convincing evidence, we reverse.
This case arose when the Department of Health (“the Department”) filed two administrative complaints charging Dr. Ham-mesfahr with a total of three violations in connection with his practice of alternative medicine in the treatment of strokes. Dr. Hammesfahr treats stroke patients using vasodilators, which dilate the blood vessels to the brain after a stroke, increasing blood supply to the affected area and, according to Dr. Hammesfahr, reversing many debilitating effects of strokes. The Department accused Dr. Hammesfahr of performing medical treatment below the standard of care, engaging in false advertising concerning his treatment of strokes, and exploiting a patient for financial gain.
The Administrative Law Judge (“the ALJ”) conducted a hearing on the complaints and found no violation of the first two charges, performing below the standard of care and false advertising. Based on testimony from four expert witnesses on behalf of the Department, the ALJ concluded that Dr. Hammesfahr’s unconventional stroke treatment is not within the generally accepted standard of care. Nonetheless, the ALJ found that Dr. Ham-mesfahr’s practice of alternative medicine in the treatment of strokes did not constitute grounds for discipline because the Department did not present clear and convincing evidence that it is harmful to his patients, that the patients did not make an informed decision to obtain the treatment, or that Dr. Hammesfahr used fraud or deception to convince the patients they would improve with the treatment. Based on evidence presented by Dr. Hammesfahr that several of his patients had actually improved after treatment, the ALJ also concluded that Dr. Hammesfahr had not engaged in false advertising concerning his treatment of strokes.
On the third charge, the ALJ recommended discipline for a violation of section 458.331(l)(n), which prohibits “[e]xereising influence on the patient or client in such a manner as to exploit the patient or client for financial gain of the licensee or of a third party, which shall include, but not be limited to, the promoting or selling of services, goods, appliances, or drugs.” The ALJ found that Dr. Hammesfahr violated section 458.331(l)(n) by charging a patient $3000 for services that she did not receive.
The Board adopted the recommended order of the ALJ in its entirety and imposed a $2000 fine and six months of probation with conditions of supervision. It is from this order that Dr. Hammesfahr appeals. We review the Board’s determination for clear and convincing evidence. See Hasbun v. Dep’t of Health, 701 So.2d 1235, 1236 (Fla. 3d DCA 1997).
The patient in this case made an appointment with Dr. Hammesfahr, reviewed Dr. Hammesfahr’s treatment programs, and enrolled in a three-day program for $3000. On the first day of treatment, she had a consultation with Dr. Hammesfahr, and a staff member took her blood pressure and directed the patient to monitor her blood pressure thereafter. On the second day, the patient received a tran- *1223 scranial Doppler, a carotid artery ultrasound, and an electrocardiogram. Dr. Hammesfahr also met with the patient, observed her gait, and told her he would work with her physicians.
On day three, the patient was supposed to receive a physical therapy evaluation and a neuropsychological evaluation. After the evaluations, Dr. Hammesfahr would determine the proper course of treatment and consult with the patient’s physicians for their aid in administering that treatment. The patient discontinued the program before she could obtain the physical therapy or neuropsychological evaluation and returned home. Dr. Ham-mesfahr subsequently contacted the patient’s physicians, but they refused to administer the vasodilators. The $3000 the patient paid Dr. Hammesfahr included charges for the physical therapy and neu-ropsychological evaluations.
After considering this evidence, the Board found that Dr. Hammesfahr charged the patient for a $3000 treatment program but that the patient received the services outlined in a $2000 treatment program. Based on this finding, the Board determined that Dr. Hammesfahr “did exploit [the patient] for financial gain by charging her for services that she did not receive.”
The record contains competent, substantial evidence to support the Board’s finding that the patient enrolled in a $3000 treatment program but only received a $2000 treatment program. However, the record does not contain clear and convincing evidence to support the Board’s conclusion that the overcharge was the result of exploitation for financial gain under section 458.331(l)(n). There is no evidence in the record that the overcharge was intentional. The overcharge could have been an administrative mistake by Dr. Hammesfahr’s office or simply the result of the patient’s early termination of the program. Either scenario does not support the trial court’s finding of a violation of section 458.331(l)(n). At best, the facts in this case provide a basis for a civil contract dispute between the parties.
We reverse the final order of the Board disciplining Dr. Hammesfahr for financial exploitation of a patient in violation of section 458.331(l)(n).
ALTENBERND, C.J., and VILLANTI, J., Concur.