THOMAS, J.
We have before us an appeal of a final administrative order of the Department of Health imposing an administrative fine and special conditions of probation on Appellant. Because Appellant was found guilty of acts not sufficiently alleged in the complaint, we reverse.
The complaint charged Appellant with the failure to practice medicine with the level of care, skill, and treatment as a reasonably prudent similar physician in violation of section 458.331(l)(t), Florida Statutes, and with failing to keep medical records pursuant to section 458.331(l)(m), Florida Statutes. The administrative law judge (“ALJ”) dismissed both counts of the complaint for lack of sufficient proof. The Department of Health filed exceptions to the order as to the violation of section 458.331(l)(m), Florida Statutes. These exceptions were adopted by the Board of Medicine and are the subject of the current appeal.
The ALJ found that the complaint only alleged that Appellant had failed to create certain medical records. The ALJ accepted Appellant’s testimony as credible that he had created these documents, even though they were not contained in the patient’s medical records. Based on this finding, the ALJ dismissed the count charging Appellant with a violation of section 458.331(l)(m), Florida Statutes; however, the Board of Medicine rejected this finding and concluded that Appellant was charged not only with failure to create certain medical records, but also with failure to retain possession of those documents. The Board of Medicine found that there was competent, substantial evidence *1109 in the record to support a finding that Appellant failed to retain possession of the medical records, and it imposed an administrative fine and placed Appellant’s license on probation for two years.
A physician may not be disciplined for an offense not charged in the complaint. Ghani v. Dep’t of Health, 714 So.2d 1113 (Fla. 1st DCA 1998); Willner v. Dep’t of Prof'l Reg., Bd. of Med., 563 So.2d 805 (Fla. 1st DCA 1990). In this case, the complaint charged Appellant with failing to properly document certain records and failing to create or complete certain documents. The complaint did make reference to section 458.331(l)(m), Florida Statutes, but it did not contain any specific factual allegations that Appellant failed to retain possession of the medical records. The single reference to the statute without supporting factual allegations was not sufficient to place Appellant on notice of the charges against him. Cottrill v. Dep’t of Ins., 685 So.2d 1371 (Fla. 1st DCA 1996) (partly reversing Department’s final order and remanding for reconsideration of penalty, where administrative complaint merely cited statutes but failed to allege any act or omission in violation of statutes allegedly violated by licensee, thereby denying licensee reasonable notice of facts or of conduct warranting disciplinary action). Even if the administrative complaint could be read to assert a charge that Appellant failed to retain possession of the medical records, we could not affirm such a finding because Appellant was no longer employed at the health care facility in question and did not have possession of the medical records. Accordingly, we reverse the final order with directions to dismiss the complaint against Appellant.
REVERSED.
PADOVANO, J., concurs; ERVIN, J., dissents with written opinion.