# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0438
_____

SHEMAKA HALL, L.P.N.,

Appellant,

v.

STATE OF FLORIDA, DEPARTMENT
OF HEALTH,

Appellee.

_____

On appeal from the Department of Health.

June 28, 2019

LONG, JR., ROBERT E., Associate Judge.

Shemaka Hall appeals the permanent revocation of her license as a practical nurse by the Department of Health, Board of Nursing, in its final administrative order after an informal hearing. Because we find no ground under section 120.68(7), Florida Statutes for setting aside the final administrative order, we affirm.

On May 26, 2016, Hall was working as a licensed practical nurse at a healthcare facility in Pahokee, Florida. Hall had a dispute with a patient at approximately 11:30 p.m. During this dispute, the patient threw water on Hall's face. As the patient was walking away, Hall got up and chased her out of the room, grabbed her by the hair, and dragged her by the hair across the

floor. Hall was then separated from the patient and restrained by other staff members. After being separated and restrained, Hall tried to attack the patient a second time. The incident was captured on the facility's security cameras.

The Department filed an administrative complaint which alleged that on May 26, 2016, while employed as a licensed practical nurse, Hall "used force and/or struck" a patient. The complaint alleged this amounted to "unprofessional conduct," as defined by rule 64B9-8.005(13), Florida Administrative Code, and the conduct was grounds for disciplinary action against Hall by the Board pursuant to section 464.018(1)(h), Florida Statutes (2015). The complaint requested the Board permanently revoke or suspend Hall's license, impose other penalties, or order "other relief" the Board may deem appropriate.

Because Hall did not dispute the facts alleged, the parties proceeded to an informal hearing before the Board. §§ 120.569(1), 120.57(2), Fla. Stat. (2016). The hearing began with motions for the Board to accept the Department's investigative report and the video of the incident into evidence and to accept the facts as alleged in the administrative complaint. Both motions were seconded and adopted. Hall then testified, providing context for the incident and mitigation for the undisputed facts. Hall explained the patient had been difficult to deal with, had demanded medications she could not provide, and had thrown water on her. Hall's counsel then made a similar argument.

The Department then requested the Board adopt the conclusions of law set forth in the complaint. The Board unanimously agreed. The Board also unanimously found the undisputed facts sufficient to meet two aggravating factors identified in the rule – that Hall was a "danger to the public" and a "deterrent effect" was necessary. Fla. Admin. Code R. 64B9-8.006(5)(b)1., (5)(b)5. The Board voted unanimously to permanently revoke Hall's license. In its written order, the Board reiterated its adoption of the facts and conclusions of law as alleged in the administrative complaint and found the aggravating factor that Hall presented a danger to the public.[1]

---

[1] The written order made no mention of deterrence.

2

On appeal, Hall first argues that revocation of her license was improper because section 456.072(3)(b) limits the penalty for a single violation of section 464.018(1)(h) to a non-disciplinary citation. However, section 456.072(3)(b) provides for the penalty of "a citation . . . *and . . . a penalty as determined by rule.*" (emphasis added). The penalty of revocation was "as determined by rule" 64B9-8.006(5)(a), Florida Administrative Code. The Board made no error here.

Next Hall argues the Board considered matters outside the administrative complaint in finding Hall presented a danger to the public. We disagree. The investigative report and the video admitted into evidence address only the single incident alleged in the complaint. At no time during the hearing did the Board delve into circumstances outside the incident alleged in the administrative complaint.[2]

Hall was expressly noticed that these circumstances would be considered because the complaint identified the incident and stated that she "us[ed] force against and/or struck" a patient. Hall was also expressly noticed of the penalty sought by the Department. The complaint clearly stated the Department was seeking permanent revocation, among other options. The available sanctions, and the Board findings necessary to impose them, are set forth in the statute and applicable rule. Revocation of Hall's license was an available sanction if the Board found an aggravating circumstance. Fla. Admin. Code R. 64B9-8.006(3)(f)3. and 64B9-8.006(5)(a). The Department is not required to restate the law in its complaint. Rather, the Department must notice Hall of the factual allegations against her. The Board then makes findings, including potential aggravators, when fashioning an appropriate sanction. Hall argues she was disciplined for an "offense not charged in the

_____

[2] At one point members of the Board inquire of Hall about her training for dealing with difficult patients. While this technically is inquiry about something other than the incident itself, it was clearly intended to probe the allegations at hand and to specifically address Hall's behavior during the events alleged in the complaint.

3

complaint," *Trevisani v. Dep't of Health*, 908 So. 2d 1108, 1109 (Fla. 1st DCA 2005), but being a danger to the public is not an offense – it is an aggravating circumstance fairly considered when deciding on an appropriate penalty. Because only the facts noticed in the complaint were used in considering aggravators, the Board's action was not based on matters outside the scope of the complaint.

Last, Hall argues there was no competent and substantial evidence to find she was a danger to the public. We find there was. The video of the incident shows Hall violently attacking a patient under her care and having to be restrained by her colleagues. The Department also presented other evidence, but the video alone is competent and substantial evidence that Hall presents a danger to the public.

AFFIRMED.

B.L. THOMAS, C.J., and JAY, J., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Luis A. Bonilla, West Palm Beach, for Appellant.

Christine E. Lamia, Chief Appellate Counsel, Sarah Young Hodges, Chief Appellate Counsel, and Katelyn R. Boswell, Assistant General Counsel, Florida Department of Health, Prosecution Services Unit, Tallahassee, for Appellee.